UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF ) | |
| THE EXTRADITION OF ) | Docket No.: 24-mj-01365-DLC |
| EYLEM TOK ) | |

## MOTION TO DISMISS COMPLAINT

**I.     Introduction**

Petitioner Elyem Tok moves to dismiss the complaint in this case because the government has failed to demonstrate that the offense allegedly committed by Ms. Tok is covered by the provisions of the Treaty on Extradition and Mutual Assistance in Criminal Matters between the United States of American and the Republic of Turkey (Türkiye). Alternatively, the complaint must be dismissed becuase the supporting material provided by the government and the request of the Republic of Türkiye fails to contain "…the law relating to the limitation of legal proceedings or the enforcement of the penalty for the offense." (Ex. 1 at 13, Treaty Section II, Article 7, paragraph (1)(a)).

**II.    Relevant Facts**

On June 14, 2024, federal authorities arrested Ms. Tok and her son in the Boston area pursuant to arrest warrants obtained on May 2, 2024 in the Southern District of Florida from Hon. Lisette M. Reid, United States Magistrate Judge for the Southern District of Florida. Ms. Tok and her son appeared before this Court on that afternoon and the Court appointed counsel after advising Ms. Tok and her son of the nature of the proceedings. [D.E. 8]. The Court set this matter for a further status hearing on June 18, 2024.

With the assent of Ms. Tok, the government filed its Exhibit 1 *under seal* on June 17, 2024. Exhibit 1 is comprised of the Declaration of Tom Heinemann, Attorney Adviser in the Office of the Legal Adviser for the Department of State in Washington, D.C. Additionally, the Exhibit contains a copy of the treaty and underlying original and translated material under the cover page of the Ministry of Justice of the Republic of Türkiye pertaining to this case.

The Ministry's material does not contain in its entirety a reproduced copy of the relevant law, Turkish Criminal Code Article 283, referenced throughout the submission. (Ex. 1 at 45, 87). Instead, the Istanbul Chief Public Prosecutor's Office letter request recites only section 1 of Article 283. Notably, the recitation's Turkish version replicates verbatim a version available online in Turkish. (*Compare* Ex. 1, at 45, and reproduction found at https://perma.cc/KUF9-WV8X: "*Suçluyu kayırm*  Madde 283- (1) Suç işleyen bir kişiye araştırma, yakalanma, tutuklanma veya hükmün infazından kurtulması için imkan sağlayan kimse, altı aydan beş yıla kadar hapis cezası ile cezalandırılır.").

Absent from the Ministry's material, and the government's exhibit, is reference to section 3 of Article 283. The same publicly available source which contains the verbatim version in the Ministry's material includes a subsection 3 to Article 283 which reads: "(3) Bu suçun üstsoy, altsoy, eş, kardeş veya diğer suç ortağı tarafından işlenmesi halinde, cezaya hükmolunmaz." A publicly available English translation in a document of the Counsel of Europe's "Venice Commission" includes the following translation: "Where the offence is committed by a direct-antecedent, direct- descendent, spouse, sibling or an accomplice to the offence, no penalty shall be imposed." *PDF available at:*

https://www.venice.coe.int/webforms/documents/default.aspx?pdffile=CDL-REF%282016%29011-e. A simple "google translate" query of this sentence produces this result: "If this crime is committed by an ancestor, descendant, spouse, sibling or other accomplice, no punishment is imposed."

III.     **Argument**

      a. *The government has failed to demonstrate that the offense allegedly committed by Ms. Tok is covered by the provisions of the Treaty on Extradition and Mutual Assistance in Criminal Matters between the United States of American and the Republic of Turkey (Türkiye).*

By its terms, the Treaty describes "Extraditable Offenses" to be: "(a) Offenses, regardless of whether listed in the Appendix to this Treaty or Not, which are *punishable* under both the federal law of the United States and the laws of Turkey *by deprivation of liberty at least for a period exceeding one year or by a more severe penalty.* (b) Offenses listed in the Appendix to this Treaty which are *punishable* under both the laws of the Requesting Party and the Requested Party *for at least a period exceeding one year or by a more severe penalty*." Section II, Article 2, paragraph (1)(a)-(b) (Emphasis added).

The government's filing before this court, and the information contained within Exhibit 1 assert plainly that Ms. Tok is alleged to have assisted her son, T.C. in alleged violation of this Turkish statute. [D.E. 6 at 1]. Because of this, subsection 3 of Article 283 plainly indicates that no punishment can be imposed upon a parent for a violation of this statute involving their child. Therefore, the offense alleged against Ms. Tok is not one punishable by a deprivation of liberty for at least one year or by a more severe

3

penalty in Turkey. As a result, this alleged offense is not covered by the terms of this extradition treaty and the complaint must be dismissed and Ms. Tok released.

    **b.** *The request for extradition fails to contain "…the law prescribing the punishment for the offense, and the law relating to the limitation of legal proceedings or the enforcement of the penalty for the offense."*

Separately, the Court should dismiss the Complaint and release Ms. Tok because the request for extradition fails to comply with the Treaty in that it does not indicate the limitations of the Turkish law regarding the offense relating to punishment.

The Treaty denotes the requirements for the contents of the request for extradition, which includes in relevant part, "(a) The text of the applicable laws of the Requesting Party, including the law defining the offense, the law prescribing the punishment for the offense, and the law relating to the limitation of legal proceedings of the enforcement of the penalty for the offense." Section II, Article 7, paragraph (1)(e).

Subsection 3 of Article 283 is not addressed anywhere in the request for extradition. This provision regarding the inability to punish a violation where the offense alleged occurred between a parent and offspring is not buried in some hidden quarter of the Turkish code. The Article includes three sentences, and this is the third sentence. (The second sentence referencing an increase in penalty where committed by a public official in connection with his or her duty). Compliance with the terms of the Treaty requires that the request inform the United States of Subsection 3 of Article 283. Because the request does not so inform the United States of the limits on the law prescribing the punishment for the offense, nor the limits on the enforcement of the penalty, the complaint must be dismissed.

4

### c. *The Court has authority to dismiss the complaint because the issues concern the requirements for certification.*

The government's itself notes that, "All matters a fugitive may raise as defenses to extradition, *other than those concerning the requirements for certification*, are for the Secretary of State to consider, and not the court." [D.E. 6 at 13]. Setting aside whether humanitarian and political concerns are matters the Court may consider, the government acknowledges that the Court is obliged to consider defenses raised concerning the requirements for certification, which are raised here. *See United States v. Kin-Hong*, 110 F.3d 103, 109 (1st Cir. 1997)("In brief, the judicial officer, upon complaint, issues an arrest warrant for an individual sought for extradition, provided that there is an extradition treaty between the United States and the relevant foreign government and that the crime charged is covered by the treaty. If a warrant issues, the judicial officer then conducts a hearing to determine if 'he deems the evidence sufficient to sustain the charge under the provisions of the proper treaty.'" *quoting* 18 U.S.C. §3184).

## IV. Conclusion

For all of the foregoing reasons, Ms. Tok respectfully requests that this Court dismiss the Complaint in this case, release her from custody, and any other relief which this Court finds just and proper.

Respectfully submitted,

ELYEM TOK

By her Attorney,

*/s/ Brendan Kelley*
Brendan Kelley
B.B.O.: 569054
Assistant Federal Public Defender
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 17, 2024.

*/s/ Brendan Kelley*
Brendan Kelley

6