IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF             ) | |
| THE EXTRADITION OF           ) | No. 24-mj-01365-DLC |
| EYLEM TOK                    ) | |

**GOVERNMENT'S OPPOSITION TO EYLEM TOK'S**
**<u>MOTION TO DISMISS COMPLAINT</u>**

The United States of America respectfully opposes Eylem Tok's ("Tok") motion to dismiss the complaint seeking certification of her extraditability to Türkiye, Dkt. 13. The United States alleged in its complaint that, pursuant to 18 U.S.C. § 3184 and the extradition treaty between the United States and Türkiye (the "Treaty")[1], Tok was extraditable on a charge of Protecting an Offender, in violation of Article 283 of the Criminal Code of Türkiye. Dkt. 5. Tok now seeks dismissal of the complaint because, according to her, the Treaty does not permit her extradition on the charge of Protecting an Offender. Dkt. 13. For the reasons set forth herein, Tok is mistaken that the Treaty does not allow for her extradition on this charge, and the Court should therefore deny her motion to dismiss.

**A.     Relevant Background**

On April 3, 2024, the Government of Türkiye submitted a request for Tok's extradition on two charges: 1) Protecting an Offender in violation of Article 283 of the Criminal Code of Türkiye; and 2) Destroying, Concealing or Altering Evidence in violation of Article 281 of the Criminal Code of Türkiye. Dkt. 11 at 87. An Attorney Adviser with the Department of State issued a declaration confirming the State Department's position that the charge of Protecting an Offender was an extraditable offense under Article 2 of the Treaty. *Id.* at 1-2. On May 2, 2024,

---

[1] Treaty on Extradition and Mutual Assistance in Criminal Matters Between the United States of America and the Republic of Turkey, U.S.-Turk., June 7, 1979, 32 U.S.T. 3111.

the United States Attorney's Office for the Southern District of Florida filed a complaint requesting the Court issue a warrant for Tok's arrest and certify Tok's extradition on the charge of Protecting an Offender. Dkt. 5. The complaint stated that it was not forwarding the charge of Destroying, Concealing or Altering Evidence to the Court for consideration. *Id.* ¶ 4, n.2. A magistrate judge in that district issued a warrant for Tok's arrest, Dkt. 5-3, and she was arrested in Boston, Massachusetts, within this judicial district, on June 14, 2024.

Tok filed a motion to dismiss the complaint on June 17, 2024, alleging that she is not extraditable on the charge of Protecting an Offender because, pursuant to Turkish law, she is not punishable "by deprivation of liberty at least for a period exceeding one year or by a more severe penalty" as required by Article 2(1)(a)-(b) of the Treaty. Dkt. 13. Specifically, she alleges that Article 283(3) of Türkiye's Criminal Code does not permit the imposition of any penalty for offenders who seek to protect direct-ascendants or direct-descendants from a search, detention, arrest, or enforcement of a judgment.[2] *Id.* at 2-4. She reasons that, because she is accused of protecting her son from potential prosecution in Türkiye, she is not subject to criminal penalty under Article 283(3) and therefore not extraditable under Article 2(1)(a)-(b) of the Treaty. *Id.*

On June 21, 2024, the Government of Türkiye provided the United States with an advance copy of a supplement that it intends to imminently submit to the Department of State through the diplomatic channel. Ex. A. The supplement addresses both charges for which Türkiye initially sought Tok's extradition. *Id.* Among other things, the supplement provides additional detail regarding the conduct underlying the charge of Destroying, Concealing or

---

[2] That provision states, "Where the offence [specified in Article 283(1)] is committed by a direct-ascendant, direct-descendant, spouse, sibling or an accomplice to the offence, no penalty shall be imposed." Ex. A at 19.

Altering Evidence, *id.* at 13-19, as well as additional information on the application of Article 283 of the Criminal Code of Türkiye.  *Id.* at 19-22.

**B.     Argument**

The Court should deny Tok's motion to dismiss the complaint for two reasons.  First, the United States intends to pursue certification of extradition on the second charge for which Türkiye sought her extradition – Destroying, Concealing, and Altering Evidence – based on the new information provided by Türkiye.  Therefore, dismissal of the proceedings at this early stage is unwarranted.  Second, because Tok is extraditable on the charge of Destroying, Concealing and Altering Evidence, Article 2(4) of the Treaty moots Tok's argument regarding the length of the possible sentence for the charge of Protecting an Offender.

    1.     <u>The United States Should be Provided an Opportunity To Pursue Extradition on Both Charges Requested by Türkiye</u>

While the United States had not initially pursued certification of Tok's extraditability on the charge of Destroying, Concealing and Altering Evidence, the supplemental information provided by Türkiye on June 21, 2024 alters the analysis.  In particular, the Departments of Justice and State have reviewed Türkiye's supplement and concluded that the new information provided by Türkiye, in conjunction with the information provided in its initial extradition request, establishes Tok's extraditability on that charge.  Notably, the Department of State's position in this regard is reflected in the attached letter.  Ex. B.  As stated in the letter, upon receipt of Türkiye's supplement through the diplomatic channel, the Attorney Adviser handling this case at the Department of State intends to issue a superseding declaration confirming the State Department's position that both charges for which Türkiye seeks extradition, including the charge of Destroying, Concealing, and Altering Evidence, are covered by Article 2 of the Treaty.

3

*Id.* The United States intends to amend its complaint to reflect the inclusion of this charge upon receipt of the amended declaration from the Department of State.

Importantly, Tok's motion to dismiss only addresses the charge of Protecting an Offender, and as such, it would be premature for the Court to dismiss these extradition proceedings before the United States has an opportunity to present full briefing on why both charges sought for extradition satisfy the necessary treaty requirements. Moreover, dismissal would be futile because the principle of double jeopardy does not apply to successive extradition proceedings.[3] *E.g., Collins v. Loisel*, 262 U.S. 426, 429 (1923). The Court should therefore deny Tok's request to dismiss these extradition proceedings.

2. The Charge of Protecting an Offender Is Extraditable Under the Treaty

As a preliminary matter, Tok's motion to dismiss fails to recognize that Article 283(3), which addresses punishment for an offender who protects certain family members from a search, detention, arrest, or enforcement of a judgment, provides an affirmative defense to the primary charge set forth in Article 283(1). Ex. A at 19-22. As Türkiye explains in its recent supplement, "The decision of not to impose a penalty, which is regulated in the law as a consequence of personal exemption from punishment, is not considered as an obstacle to investigation and prosecution and is not regulated as a decision of 'acquittal' by the court." *Id.* at 21. Rather, "Eylem Tok's status as a mother must be established and certified before the court," *id.* at 19, and to the extent proof of that fact may alter the penalty, "[o]nly the court can make such a decision as a

---

[3] This principle also defeats Tok's argument that the complaint should be dismissed because Türkiye's extradition request failed to provide the full text of Article 283. Dkt. 13 at 4. Türkiye has now corrected that omission by providing the full text of Article 283 in its supplement, Ex. A at 19, and the United States would not be precluded from reinitiating extradition proceedings with the supplemented extradition request if these proceedings were dismissed. *See Collins*, 262 U.S. at 429.

4

result of the trial." *Id.* at 20.  Longstanding case law confirms that affirmative defenses fall outside the scope of an extradition court's review.  *See, e.g.*, *Matter of Extradition of Martinelli Berrocal*, 2017 WL 3776953, at *27 (S.D. Fla. Aug. 31, 2017) (collecting cases).

In any event, and more significantly, Tok's challenge to whether the applicable punishment is sufficient to satisfy Article 2(1)(a)-(b) of the Treaty is moot.  Pursuant to Article 2(4) of the Treaty, "When a request for extradition comprises several separate offenses and extradition has been granted for one of the extraditable offenses, it shall also be granted for other extraditable offenses which could not otherwise fulfill the requirements of paragraphs (1) and (2) above as related to the deprivation of liberty to be served . . ." Dkt. 11 at 9.  This provision means that the Court may certify extradition for an offense that does not carry a penalty that deprives the person of liberty for a period exceeding one year, as required in Article 2(1)(a)-(b), so long as the Court also certifies extradition on a separate offense that does carry such a penalty.  Accordingly, if the Court were to certify Tok's extradition on the charge of Destroying, Concealing or Altering Evidence, it is legally irrelevant whether Tok is subject to a term of imprisonment exceeding one year on the charge of Protecting an Offender.  In those circumstances, Article 2(4) would permit the Court to certify extradition on both charges.  Thus, even if Tok were correct that Article 283(3) of the Türkiye's Criminal Code precludes a sentence of imprisonment for protecting her son from potential prosecution, the Treaty permits her extradition.

For these reasons, the Court should deny Tok's motion to dismiss the complaint and, for the reasons set forth in the United States' prior pleadings, order Tok to remain in custody of the U.S. Marshals Service for the duration of her extradition proceedings.

                                    Respectfully submitted,

                                    JOSHUA S. LEVY
                                    Acting United States Attorney


                            By:     */s/ Kristen A. Kearney*
                                    KRISTEN A. KEARNEY
                                    Assistant U.S. Attorney

Date:  June 25, 2024




## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                    */s/ Kristen A. Kearney*
                                    KRISTEN A. KEARNEY
                                    Assistant U.S. Attorney