UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN THE MATTER OF
THE EXTRADITION OF
EYLEM TOK

Docket No. 24-mj-01365-DLC

**Leave to file granted on 6/28/24**

### EYLEM TOK'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION TO DISMISS COMPLAINT

The United States, at the behest of the Turkish government, is currently detaining Eylem Tok, the mother of a United States citizen, even though she has not committed any crime in the United States or elsewhere and the government has not supplied information that, on its face, would establish probable cause to believe that Ms. Tok committed an extraditable offense. Having apparently recognized that Turkish law unambiguously provides that Ms. Tok cannot be punished at all, let alone for over a year of imprisonment, on the charge of Protecting an Offender, which as of now is the only basis before this Court for seeking Ms. Tok's extradition, the government asks the Court to continue this process, and her detention, based on an assertion that, at some point in the future, it will file a complaint for extradition on a different charge – a charge that the United States government initially found so deficient that it declined to forward it to the Court for consideration. (Dkt. 6, at 1 n.2.) The Turkish government has provided incomplete, inconsistent, and misleading information to the State Department and therefore to this Court.[1] This Court should not condone the Turkish government's bait-and-switch tactics and

---

[1] As one example, the new submission concerning the charge of Destroying, Concealing, and Altering Evidence alleges that Ms. Tok destroyed evidence by moving T.C. before he could take an alcohol test, allegedly causing any alcohol in his blood to dissipate. (Dkt. 37-1, at 15, 18.)

should not allow Ms. Tok's invalid deprivation of liberty to continue. It should dismiss the complaint and order her release.

The government's main arguments in opposition to dismissal boil down to an assertion that it will try again to find a better theory to extradite Ms. Tok on a different charge. The government has not filed a complaint alleging that Ms. Tok is extraditable on the charge of Destroying, Concealing and Altering Evidence. Therefore, it would be inappropriate for Ms. Tok to be detained based on the speculation that some future filing by the government would establish a valid legal basis for her detention and extradition. It is true that, as the government says, double jeopardy does not preclude a future attempt at extradition if this matter is dismissed – but that only means that the government could then follow the correct process to seek Ms. Tok's extradition. *See In re Extradition of Howard*, 996 F.2d 1320, 1325 (1st Cir. 1993) ("the government, if it fails in an extradition attempt… must file anew"); *see also* Treaty Article 8(2) ("If the person sought is under arrest and the… information submitted is not sufficient…, the person sought shall be discharged from custody. However, such discharge shall not prevent a subsequent request for extradition….") (Complaint Ex. 1 at 15.). Ms. Tok should not have to spend an indefinite period in detention waiting for the diplomatic process to play out in the meantime.

---

However, putting aside the legal and factual implausibility of that theory under either U.S. or Turkish law, the Complaint in this matter (the government's own allegation) indicates that no witnesses reported that T.C. had been drinking (Dkt. 5, at 3) and evidence submitted by the Turkish government in support of the extradition of T.C. confirms that no witnesses reported any alcohol involvement and that no alcohol bottles were discovered at the scene. (T.C. Complaint Ex. 1, at 99.) As another example of the Turkish government's abuse of the extradition process, its supplemental submission fails to mention the conclusion of the Istanbul Chief Public Prosecutor's Office, based on witness interviews and review of surveillance video, that Ms. Tok did not take the cell phone at issue, but that instead another individual did so. Ms. Tok has not yet been able to obtain a certified translation of the relevant documents but would submit them if and when the other charge was before the Court on the merits.

2

The government all but concedes that the Turkish government submitted an invalid extradition request that failed to include all relevant legal provisions, including the critical Article 283(3) that protects Ms. Tok from punishment on the charge for which she is currently held. (Dkt. 37, at 4 n.3.) That in and of itself is a sound basis to dismiss this proceeding, as the Turkish government has failed to invoke this Court's authority under the relevant treaty.

This Court should also reject the only attempt by the government to argue (against the plain language of the Turkish statute) that Ms. Tok could be extradited for Protecting an Offender because Ms. Tok's status as T.C.'s mother is an affirmative defense[2] given that the government's own pleadings and evidence establish the lack of probable cause for an extraditable offense. The Complaint alleges that "Tok is accused of assisting her 16-year-old son, T.C.…." (Dkt. 5, at 2 ¶ 5(a); *see also* Dkt. 5-1 (referring repeatedly to Ms. Tok as T.C.'s "Mother").) The Turkish government's evidence confirms this. (Dkt. 37-1, at 13 (identifying T.C. as "the son of Eylem Tok").) Article 283(3) unambiguously states that the direct ancestor or descendant of an alleged offender cannot be punished under Turkish law for Protecting an Offender. The very case the government cites for the proposition that an extradition court cannot consider affirmative defenses notes that "evidence that explains away or *completely obliterates* probable cause" may be heard to defeat extradition. *See In re Extradition of Martinelli Berrocal*, 2017 WL 3776953, *9 (S.D. Fla. Aug 31, 2017) (emphasis in original) (quoting *Barapind v. Enomoto*, 400 F.3d 744, 749 (9th Cir. 2005)). First Circuit precedent confirms that a respondent may present "reasonably clear-cut proof which would… have some reasonable chance of

---

[2] Ms. Tok does not concede that this is correct as a matter of Turkish law. If the Motion to Dismiss is not granted, at a hearing on the merits Ms. Tok would present evidence that the Turkish government has misrepresented the relevant Turkish criminal laws and procedures, and that being T.C.'s mother is a personal exemption from punishment that limits the legal proceedings or the enforcement of any penalty against her, not an affirmative defense.

negating a showing of probable cause." *See Kostkotas v. Roche*, 931 F.2d 169, 175 (1st Cir. 1991) (quoting *Matter of Sindona*, 450 F.Supp. 672, 685 (S.D.N.Y. 1978)). In order for Ms. Tok's extradition to be authorized by statute, the government must produce "evidence sufficient to sustain the charge under the provisions of the proper treaty." 18 U.S.C. § 3184. Here, the government's own evidence conclusively establishes the *lack* of probable cause for an extraditable offense. Whether Turkish law would consider this to be an affirmative defense or not, there can be no serious question that, if Ms. Tok were brought to Turkey and tried for Protecting an Offender (which is the only charge before this Court) she could not under any circumstances be punished by imprisonment for more than a year. In order to warrant extradition, the requesting country must be able to enforce a penalty against the person sought, as the Treaty provides, "Extradition *shall not* be granted… [i]f the offense for which extradition is requested has been or is subject to amnesty or pardon." Treaty Article 3(1), 3(1)(f) (emphasis added) (Complaint Ex. 1 at 9-10.). Because Turkish law provides that "no penalty shall be imposed," Article 283(3) of the Turkish Criminal Code, if the defendant is the alleged offender's parent, Turkey effectively maintains amnesty for a defendant like Ms. Tok.

      The Turkish government draws a distinction between an acquittal and a decision not to impose a penalty due to a personal exemption from punishment (Dkt. 37-1, at 19-21), but that is not material because the question before the Court is not whether Ms. Tok would have to be acquitted, but whether she could be punished by a year in prison. The Turkish government's contentions that this Court should compel Ms. Tok to answer the charge in Turkey "face to face" (Dkt. 37-1 at 19), that Turkish law permits an arrest warrant for the charge (Dkt. 37-1 at 22), or that unspecified "security measures" could be taken even if a penalty were not imposed (Dkt. 37-1 at 20) are all irrelevant to the Court's determination of whether the charged offense meets the

4

requirements of the Treaty. Article 2(1)(a) of the Treaty provides that an offense is only serious enough to warrant extradition if it is "punishable under both the federal laws of the United States and the laws of Turkey be deprivation of liberty at least for a period exceeding one year or by a more severe penalty." (Complaint Ex. 1 at 8.)

      The government has utterly failed to establish or even allege that Protecting an Offender satisfies the "dual criminality" requirement in the Treaty. "The principle of dual criminality dictates that, as a general rule, an extraditable offense must be a serious crime (rather than a mere peccadillo) punishable under the criminal laws of both the surrendering and the requesting state." *United States v. Saccoccia*, 58 F.3d 754, 766 (1st Cir. 1995). The only offense before the Court, under the circumstances unquestionably applicable to Ms. Tok, could not be punished under Turkish law by imprisoning her for a year or more. Nor has the government identified any federal statute that would punish Ms. Tok with a year or more in prison for "provid[ing]" her son "with the opportunity to avoid a search [or] his detention or arrest." Article 283(1) of the Turkish Criminal Code (Complaint Ex. 1, at 87.). There is no allegation that T.C. had been arrested or charged with any crime when Ms. Tok allegedly flew with him out of Turkey, nor that Ms. Tok was aware of any charge or warrant for T.C. when she left Turkey. A warrant for T.C.'s arrest was not issued until March 7, 2024, days after Ms. Tok had allegedly already arrived in the United States. (Dkt. 5, at 4 ¶ 5(n); Dkt. 5-1, at 2 ¶ 5.) The government has not identified a federal statute making it a felony to travel internationally with a child who is not wanted for any crime. Because neither Turkish nor federal law would punish this conduct with a year in prison, Ms. Tok is not subject to extradition.

WHEREFORE, Eylem Tok respectfully requests that this Honorable Court grant her Motion to Dismiss the Complaint, dismiss this matter, order her prompt release, and such other and further relief as this Court deems just and proper.

Respectfully submitted,
EYLEM TOK,
By her attorneys,

/s/ David A. Russcol
Emma Quinn-Judge (BBO #664798)
David A. Russcol (BBO #670768)
Zalkind Duncan & Bernstein LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742-6020
equinn-judge@zalkindlaw.com
drusscol@zalkindlaw.com

Dated: June 28, 2024

## CERTIFICATE OF SERVICE

I, David Russcol, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 28, 2024.

/s/ David Russcol
David Russcol